# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONCE,<br><br>          Plaintiff,<br><br>     v.<br><br>HANFORD POLICE DEPARTMENT K-9 UNIT,<br><br>          Defendant. | Case No.  1:21-cv-01110-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff David Ponce ("Plaintiff"), proceeding *pro se*, filed this civil rights action on July 22, 2021, along with an application to proceed *in forma pauperis*. (Docs. 1, 2.) By separate order, the Court has concurrently granted Plaintiff's *in forma pauperis* application. Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . ..." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff brings this action against a Hanford Police Department K-9 Unit officer.  Plaintiff alleges excessive force in violation of the Fourth Amendment, denial of due process in violation of the Fifth Amendment and protection of his rights under the Ninth Amendment.  Plaintiff's claims arise from an incident on March 22, 2021, when a police officer allegedly released a K-9 dog on Plaintiff without warning.  Plaintiff asserts that he had over 62 dog teeth that ripped through his flesh, causing damage to his arms and butt, along with visible marks.

## III.     *Ponce v. Hanford Police Department K-9 Unit*, No. 1:21-cv-01045-DAD-BAM

On July 2, 2021, Plaintiff filed *Ponce v. Hanford Police Department K-9 Unit*, No. 1:21-cv-01045 (hereinafter "*Ponce I*").[1]

In *Ponce I*, Plaintiff initially filed suit against the Hanford Police Department K-9 unit alleging violations of his Fourth, Fifth and Ninth Amendment rights.  Plaintiff's claims arise from an incident in which a police allegedly released a K-9 dog on Plaintiff, which resulted in Plaintiff receiving over 62 dog teeth that ripped through his flesh, causing damage to his arms and butt, along with visible marks.  (*See Ponce I*, Doc. 1.)

---

[1] The Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

The Court screened Plaintiff's complaint in *Ponce I* on August 9, 2021, and granted him leave to amend. Plaintiff filed a first amended complaint on August 19, 2021. In his amended complaint, Plaintiff names the Hanford Police Department and Officer Scandura as defendants. He alleges a violation of his rights under the Fourth, Eighth and Ninth Amendments. Plaintiff's claims arise from an incident on March 22, 2021, when a police officer released the K-9 dog on Plaintiff, which resulted in Plaintiff receiving over 62 bites. (*See Ponce I*, Doc. 5.) The Court screened Plaintiff's first amended complaint on August 24, 2021, and granted Plaintiff a final opportunity to amend his complaint within thirty (30) days. (*See Ponce I*, Doc. 8.) Plaintiff has not yet filed an amended complaint.

**IV.     Discussion**

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted).

As discussed above, the original complaint in *Ponce I* is virtually identical in all material respects to the complaint filed in the instant case. In both cases, Plaintiff raises the same claims of excessive force, arising out of the same events, involving the same parties and defendants

3

(Hanford Police Department and a K-9 officer), and infringing upon the same rights, including the Fourth Amendment.  Therefore, the Court finds that this case should be dismissed because it is duplicative of *Ponce I*, his earlier filed, currently pending case.

### V.    Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed as duplicative.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 7, 2021**              /s/ *Barbara A. McAuliffe*              
                                             UNITED STATES MAGISTRATE JUDGE

4